FILED

2014 JUL 28 AM 11:59

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
TAMPA FL

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,
ex rel. Lara Shane and Susan Latvala;
STATE OF FLORIDA,
ex rel. Lara Shane and Susan Latvala;

           Plaintiffs,

v.

Mavericks In Education Florida, LLC;
Frank Attkisson; Charles Barnett;
Frank Biden; Lauren Hollander;
Mark Rodberg; Michael Rosen; Cathy
Wooley-Brown, New Alternatives in
Education of Broward County, Inc.;
New Alternatives in Education of Miami
Dade County, Inc.; New Alternatives in
Education of Palm Beach County, Inc.;
New Alternatives in Education of
Osceola County, Inc.; School Property
Development, LLC; School Property
Development 2, LLC; School Property
Development at Oakton Commons,
LLC; School Property Development
Glenn Ridge, LLC; School Property
Development Greenacres, LLC; Hiatt
School Property Development, LLC;
School Property Development Jupiter,
LLC; School Property Development JYP
Osceola, LLC; School Property
Development Pembroke Pines, LLC;
School Property Development RPB,
LLC; School Property Development
RPB North, LLC; School Property
Development WPB, LLC; Rodberg
Tallahassee Investments; Next
Generation in Education, LLC; Rodberg
Management Inc.; P&T Construction,
Inc.; Rodberg Property Inc.; Rodberg

Case No: 8:14-cv-1496-T35-EAJ

**FILED UNDER SEAL**

**Construction Inc.; National School Properties, LLC;
SPD Tallahassee; Barnett Properties, LLC**
         **Defendants.**    /

# FIRST AMENDED COMPLAINT UNDER THE QUI TAM PROVISIONS OF THE FALSE CLAIMS ACT
## (FILED UNDER SEAL)

## I.
## INTRODUCTION

1. This is an action brought by Relators, Lara Shane and Susan Latvala, on behalf of the United States of America and the State of Florida and various school boards to recover damages and civil penalties against collectively "Defendants") pursuant to the Federal Civil False Claims Act, Title 31 U.S.C. § 3729 et seq, ("FCA") and the Florida False Claims Act, Fla Stat. §§ 68.081-68.092 ("FFCA"

2. Relator's qui tam action alleges that Defendants have made it their regular course of business to defraud the United States Department of Education, the Federal Communications Commission, the State of Florida Department of Education and various school boards through the fraudulent operation of charter schools.

3. The FCA provides that any person who submits a false claim to the government is liable for a civil penalty of between $5,500 and $11,000 for each such claim, and three times the amount of the damages sustained by the government. The Act permits persons having information regarding a false or fraudulent claim against the government to bring an action on behalf of the government and to share in any recovery. Pursuant to 31 U.S.C. § 3730(b)(2), this complaint must be filed in camera and under seal, without service on the defendant. The

complaint remains under seal while the government conducts an investigation of the allegations in the complaint and determines whether to join the action.

## II

## JURISDICTION AND VENUE

4. This action arises under the False Claims Act, 31 U.S.C. § 3729 et seq and Florida False Claims Act. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 31 U.S.C. § 3730, and 28 U.S.C. § 1345.

5. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a), which authorizes nationwide service of process. Defendants can be found in, reside in, or have transacted business in the Middle District of Florida.

6. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendants can be found in, reside in, or have transacted business in the Middle District of Florida.

7. No allegation set forth in this Complaint is based on a public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or General Accounting Office report, hearing audit, or investigation, or from the news media.

## III.

## THE PARTIES

A. **Relators**

8. Relator Lara Shane is a resident of Middle District of Florida, Tampa Division and serves on the Board of Directors of New Alternative Education High School of Pinellas

County, Inc. ("Pinellas Local Board").

9. Relator Susan Latvala is a resident of Middle District of Florida, Tampa Division and serves on the Board of Directors of New Alternative Education High School of Pinellas County, Inc. ("Pinellas Local Board").

10. The Pinellas County School Board, Broward County School Board, Miami–Dade County School Board, Palm Beach County School Board and Osceola County School Board are all local school boards under Florida law.

**B. Mavericks in Education**

11. Mavericks In Education Florida, LLC ("MIE") is a Florida limited liability corporation.

12. During the relevant time period, Frank Attkisson was a managing member of MIE.

13. During the relevant time period, Charles Barnett was a managing member of MIE.

14. During the relevant time period, Frank Biden was a managing member of MIE.

15. During the relevant time period, Lauren Hollander was a managing member of MIE.

16. During the relevant time period, Mark Rodberg or Next Generation in Education, LLC, his limited liability company was a managing member of MIE.

17. During the relevant time period, Michael Rosen was a managing member of MIE.

18. During the relevant time period, Cathy Wolley-Brown was an investor and actively involved in the operations MIE.

4

19. During the relevant time period, Ronald Klein was involved in the operations MIE.

C. **Captive Local Boards**

20. Excluding the Pinellas Local Board, the other local boards are not independent but rather operate at the direction of MIE and are captive to the instructions of MIE and its managing members.

21. New Alternatives in Education of Broward County, Inc. is a Florida corporation which operated high schools in Central Broward County and North Broward County.

22. New Alternatives in Education of Miami Dade County, Inc. is a Florida corporation which operated high schools in North Miami-Dade County and South Miami-Dade Broward County.

23. New Alternatives in Education of Palm Beach County, Inc. is a Florida corporation which operated a high school in Palm Springs County.

24. New Alternatives in Education of Osceola County, Inc. is a Florida corporation which operated a high school in Osceola County.

D. **Property Entities**

25. School Property Development, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

26. School Property Development 2, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

27. School Property Development at Oakton Commons, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

28. School Property Development Glenn Ridge, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

29. School Property Development Greenacres, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

30. Hiatt School Property Development, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

31. School Property Development Jupiter, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

32. School Property Development JYP Osceola, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

33. School Property Development Pembroke Pines, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

34. School Property Development RPB, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

35. School Property Development RPB North, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

36. School Property Development WPB, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs for schools.

**E.   Other Entities**

37. Rodberg Tallahassee Investments is a Florida corporation which upon information and belief was utilized to artificially inflate rental costs and other costs costs for schools.

38. Next Generation in Education, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate costs for schools.

39. Rodberg Management Inc. is a Florida corporation which upon information and belief was utilized to artificially inflate costs for schools.

40. P&T Construction, Inc. is a Florida corporation which upon information and belief was utilized to artificially inflate costs for schools.

41. Rodberg Property Inc. is a Florida corporation which upon information and belief was utilized to artificially inflate costs for schools.

42. Rodberg Construction Inc. is a Florida corporation which upon information and belief was utilized to artificially inflate costs for schools.

43. National School Properties, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate costs for schools.

44. SPD Tallahassee is a Florida corporation which upon information and belief was utilized to artificially inflate costs for schools.

45. Barnett Properties, LLC is a Florida corporation which upon information and belief was utilized to artificially inflate costs for schools.

## IV.

## FACTUAL ALLEGATIONS

### A. Background

46. New Alternative Education High School of Pinellas County contracted with MIE to manage a charter school in Largo, Florida and later the management of a second school in St. Petersburg, Florida.

47. Since the opening of the first charter school in Pinellas County in 2009, MIE has opened at least nine other charter schools across the state of Florida.

48. MIE provides complete management services of the charter schools including financial record keeping and reporting for the above referred to Local Boards and in return receives a management fee.

49. Through a series of fraudulent transactions and scams, Defendants utilize federal educational funds to their own benefit and not to the benefit of the students who are attending the charter schools.

**B.    Inflating Operating Expenses**

50. Defendants falsely inflated the operating expenses associated with the operations of the charter schools.

51. For example, for school years 2010-11 and 2011-12, MIE submitted financial records to the Pinellas Local Board that reflected payroll costs of approximately $261,000 greater than those actually incurred.

52. For example, Defendants falsely charged the Captive School Boards for maintenance of the schools but did not provide any maintenance or repair services.

53. In addition, Defendants falsely inflated the operating expenses of the other schools.

54. These false operating expenses were utilized as a means to divert funds from the education of the students to the owners of MIE.

55. Upon information and belief, the inflated operating expenses exceeded $22,000,000.00.

## C.   Falsification of Documents for Charter School Program Implementation Grant Funds

56.   The United States Department of Education Charter Schools Program ("CSP") provided financial assistance for the planning, program design, and initial implementation of charter schools.

57.   The United Stated Department of Education awarded a grant to the State of Florida to be used for the implementation of new charter schools.

58.   During the 2011-12 school year, MIE received approximately $100,000 from the CSP Grant Funds to pay National Network of Digital Schools for the curriculum necessary to open the St. Petersburg school.

59.   MIE never paid National Network of Digital Schools for the curriculum for the St. Petersburg school.

60.   To receive reimbursement in the grant, MIE created false checks written to National Network of Digital Schools and represented that payment was made.

61.   These checks were not sent to nor deposited by National Network of Digital Schools.

62.   Additionally, MIE reported at least $244,323 of unsubstantiated curriculum expenses to the Pinellas Local Board in the same time frame.

63.   Upon information and belief, Each of the charter schools operated by MIE received approximately $375,000 per year in start up funds.

64.   Upon information and belief, approximately 75% of these funds are unaccounted for. Upon information and belief the falsely reporting use of funds for the nine schools exceeded $2,531,250.

**D.     Inflated Rents**

65.     Defendants create separate corporate entities detailed above as the Property Entities for the purpose of entering into lease agreements for the school sites.

66.     The Property Entities then enter into subsequent sublease agreements with the Captive Local Boards at an inflated price and without disclosure to the Captive Local Boards.

67.     These agreements function only to artificially increase the costs of operating the school so that Defendants can make more money.

68.     Upon information and belief, these lease agreements represent a mark-up of approximately 100%.

69.     Upon information and belief, these lease agreements mark-ups exceed $5,000,000.00.

**F.     E-Rate Program**

70.     The Schools and Libraries Universal Service Support Program, commonly known as the E-rate program, provides discounted telecommunications, Internet access, and internal connections to eligible schools and libraries through funds collected by the Federal Communications Commission.

71.     The discounts range from 20 to 90 percent, with higher discounts for higher poverty and more rural schools, with MIE always receiving the 90 percent discount rate.

72.     From 2009 through 2013, MIE and or its preferred vendor received reimbursement in excess of $2,400,000.

73. The individual charter schools did not receive the vast majority of the E-Rate funds received. Rather, the funds were utilized by MIE for purposes other than discounts on telecommunications, Internet access, and internal connections.

74. Upon information and belief, the diverted E-rate funds were approximately $1,900,000.00.

## G. False Enrollment Numbers

75. Defendants receive reimbursements based upon the number of students attending the charter schools.

76. Defendants systematically falsely inflate the number of students for the purpose of receiving funds for students who do not exist or do not attend the schools.

77. Upon information and belief, when a student would tour a school, MIE would have the student provide information including name and address. MIE would then utilize this information to falsely report that the student had enrolled, when in fact the student had only actually toured the school.

78. Upon information and belief, MIE would enroll phantom students or students who did not exist for the purposes of inflating their reimbursement rates.

79. State law requires that students receive 900 hours of instruction per year, which correlates to 5 hours of instruction per day.

80. Defendants were only providing 4 hours of instruction per day, which resulted in the students receiving far less than the state mandated minimum educational instructional time.

**H.     Improper Use of Non-Profit Status of Captive Local Boards**

81.     Defendants created the Captive Local Boards for the purpose of obtaining tax exempt benefits for MIE, a for profit company.

82.     Many of the members of the Captive Local Boards were also members of other of the Captive Local Boards.

83.     The Captive Local Boards are just instrumentalities of the MIE that are utilized to gain preferential and unlawful tax benefits for MIE.

## COUNT ONE

### Violation of False Claims Act, 31 U.S.C. § 3729(a)

84.     Relators allege and incorporate by reference the allegations of paragraphs 1-79 of this complaint.

85.     This count sets forth claims for treble damages and forfeitures under the federal False Claims Act, 31 U.S.C. §§ 3729-3732, as amended.

86.     As described above, Defendants have submitted fraudulent claims to government programs including but not limited to Department of Education and Federal Communications Commission through the conduct described above.

87.     Defendants have knowingly violated 31 U.S.C. § 3729(a)(1) by knowingly presenting, or causing to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval and/or U.S.C. § 3729(a)(2) by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

88.     By reason of Defendants' false claims, the United States has been damaged and possibly continues to be damaged.

## COUNT TWO

### Violation of Florida False Claims Act, §§68.081, et seq.

89.     This count sets forth claims for treble damages and forfeitures under the Florida False Claims Act § 68.081, et seq. as amended.

90.     As described above, Defendants have submitted fraudulent claims to programs including but not limited to State of Florida, which is defined by the Florida False Claims Act to include the State of Florida and all department, division, bureau, commission, regional planning agency, board, district, authority, agency, or other instrumentality of the state, including but not limited to the Department of Education, Pinellas County School Board, Broward County School Board, Miami–Dade County School Board, Palm Beach County School Board and Osceola County School Board.

91.     Defendants have knowingly violated the Florida False Claims Act by knowingly presenting, or causing to be presented the State of Florida a false or fraudulent claim for payment or approval and/or by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State of Florida.

92.     By reason of Defendants' false claims, the State of Florida has been damaged and possibly continues to be damaged.

VI.

PRAYER FOR RELIEF

WHEREFORE, Relators request that judgment be entered against Defendants, ordering that:

a. Defendants pay an amount equal to three times the amount of damages the United States and the State of Florida has sustained because of Defendants' actions, plus a civil penalty against Defendants of not less than $5,500, and not more than $11,000 for each violation of 31 U.S.C. § 3729 and the Florida False Claims Act;

b. Relators be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) and the Florida False Claims Act;

c. Defendants cease and desist from violating the False Claims Act, 31 U.S.C. § 3729 et seq. and the Florida False Claims Act;

d. Relators be awarded all costs of this action, including attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d) and the Florida False Claims Act;; and

e. The United States, the State of Florida and Relators be granted all such other relief as the Court deems just and proper.

VII.

DEMAND FOR JURY TRIAL

A jury trial is requested in this cause.

Respectfully submitted,

Ryan D. Barack
Florida Bar No. 0148430
Primary: rbarack@ksblaw.com

14

                        Secondary: jackie@ksblaw.com
                        **Michelle Erin Nadeau**
                        Florida Bar No. 0060396
                        Primary: mnadeau@ksblaw.com
                        Secondary: jackie@ksblaw.com
                        **Kwall, Showers & Barack, P.A.**
                        133 North Fort Harrison Avenue
                        Clearwater, Florida 33755
                        (727) 441-4947
                        (727) 447-3158 Fax
                        Attorneys for Relators

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via Certified Mail on July 25, 2014 to:

Pam Bondi
Attorney General,
Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-105


Jeff Atwater
Chief Financial Officer,
Department of Financial Services,
200 East Gaines Street,
Tallahassee FL 32399


Eric Holder
Attorney General of the United States
950 Pennsylvania Ave. N.W.
Washington, DC. 20530

Special Process Clerk
United States Attorney's Office
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602

_____
Attorney